IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CASE NO. 4:17-CR-00198-SDJ-KPJ |
| | § | |
| MARCO POLO GUZMAN-MEZA, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Amended Motion to Dismiss or Transfer Based Upon Venue (the "Motion") (Dkt. 444), to which the Government filed a response (Dkt. 449).

Having considered the Motion and the response thereto, the Court recommends the Motion (Dkt. 444) be **DENIED**.

## I. BACKGROUND

Defendant is charged in a Third Superseding Indictment (the "Indictment") with violations of 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, Conspiracy to Possess with the Intent to Distribute Heroin, and Conspiracy to Possess with the Intent to Distribute Cocaine). *See* Dkt. 469. The Government alleges Defendant was identified as a supplier of illicit narcotics to Carlos Gallegos, who resided in Plano, Texas. *See* Dkt. 449 at 2. The Government further alleges the drug trafficking organization of which Carlos Gallegos was a member (the "DTO") transported methamphetamine, heroin, and cocaine to Plano (Eastern District of Texas) and Dallas (Northern District of Texas), and then redistributed the drugs in Texas and other parts of the United States. *See id.* at 6. Further, the Government alleges the DTO used multiple vehicles to transport illicit narcotics and cash proceeds from the sale of illicit narcotics from and through the Eastern District of Texas. *See id.* at 2.

1

The Government alleges that one of Defendant's roles in the conspiracy was to locate sources of supply for methamphetamine, cocaine, and heroin in Mexico, and to assist in transferring the drugs to the United States for distribution. *See id*. The Government alleges Defendant directed the acquisition and establishment of a residence in Dallas, Texas, to be used for storage and concealment of illegal drugs and drug proceeds for the DTO. *See id*. The Government further alleges Defendant referred his son to supervise the distribution of drugs and collection of drug proceeds to and from the residence, and that the drugs were sent to locations in, among several places, the Eastern District of Texas. *See id*. The Government further alleges Defendant hired Maria Carbajal-Ponce, a co-conspirator, to drive the illegal drugs through the Eastern District of Texas to Chicago, Illinois. *See id.* at 3. Finally, the Government alleges that a member of the DTO admitted to making ten to twelve trips through the Eastern District of Texas while transporting cocaine. *See id.* at 4.

## II.     LEGAL STANDARD

The Federal Rules of Criminal Procedure provide, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." FED. R. CRIM. P. 18. The law concerning offenses that do not begin and end in one district provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. Section 3237(a); *see also United States v. Solis*, 299 F.3d 420, 444–45 (5th Cir. 2002).

Rule 21(b) of the Federal Rules of Criminal Procedure states that "for the convenience of the parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to that defendant or any one or more of the counts thereof to another district." FED. R. CRIM. P. 21(b). The application of Rule 21(b) is a matter of discretion for the trial court. *See United States v. Fagan*, 821 F.2d 1002, 1008 (5th Cir. 1987); *United States v. Walker*, 559 F.2d 365, 372 (5th Cir. 1977); *United States v. Boyer*, 2008 WL 4104482, at *1 (S.D. Miss. 2008).

In *Platt v. Minnesota Mining & Mfg. Co.*, the United States Supreme Court identified the following factors the district court should consider when ruling on a Rule 21(b) motion: (1) the residence of an individual defendant; (2) the location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer. 376 U.S. 240, 243-44 (1964); *see also United States v. Morris*, 176 F. Supp. 2d 668, 671-72 (N.D. Tex. 2001). The burden is on the defendant to show that transfer would serve the purpose of the rule but the defendant need not show "truly compelling circumstances." *United States v. Coffee*, 113 F. Supp. 2d 751, 753 (E.D. Pa. 2000).

### III. ANALYSIS

#### A. DISMISSAL

Defendant argues the Indictment should be dismissed because venue is not proper in the Eastern District of Texas. Specifically, Defendant argues the Indictment should be filed in the Northern District of Texas, where Defendant contends the majority of the alleged conspiracy took

place, the Northern District of Illinois, or the Southern District of California, where Defendant made entry into the United States. *See* Dkt. 444 at 4–5.

When evaluating a motion to dismiss the indictment, allegations contained in the indictment are taken to be true. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975); *see also United States v. S. Fla. Asphalt Co.*, 329 F.2d 860, 865 (5th Cir. 1964) (finding that the court considers all well-pleaded facts as true when considering a motion to dismiss); *United States v. Emilor,* No. 6:07-CR-001, 2008 WL 2152279, at *18 (E.D. Tex. May 21, 2008) (same). Defendant has been charged with committing a conspiracy in the Eastern District of Texas, which is sufficient to provide venue in this District for purposes of the Indictment. *See* Dkt. 469 at 1–3; *see also U.S. v. Zea-Luna*, No. 4:12-cr-001, 2013 WL 440982, at *2 (E.D. Tex. Jan. 8, 2013). Whether venue is ultimately proper in this District can be reconsidered in the context of a motion for judgment of acquittal. *See Solis*, 299 F.3d at 444–45.

Additionally, a conspiracy is a "continuing offense," and may be prosecuted in any district in which the conspiracy was "begun, continued, or completed." 18 U.S.C. § 3237(a). In a conspiracy case, venue is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed. *See, e.g., United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994); *United States v. Winship*, 724 F.2d 1116, 1125 (5th Cir. 1984). This holds true even when a particular defendant never sets foot in that district. *United States v. Acosta*, 763 F.2d 671, 681 (5th Cir. 1985); *see also United States v. Garcia Abrego*, 141 F.3d 142, 154 (5th Cir. 1998). Defendant does not contest that the conspiracy, as alleged, took place in the Eastern District; rather, Defendant alleges the "majority" of the alleged conspiracy occurred in the Northern District of Texas. *See* Dkt. 444 at 5. Defendant, in fact, admits that individuals associated with him in this case appear to have made entry into the Eastern District of Texas. *See id.* at 2. The

4

Court determines, therefore, that the Indictment was properly filed in this District, and hence, should not be dismissed on this basis.

### B. TRANSFER

Defendant further requests a transfer under Rule 21(b) to the Northern District of Texas, the Southern District of California, or the Northern District of Illinois. *See* Dkt. 444 at 6, 8.[1] Hence, the Court considers the factors set out in *Platt*, addressed as follows. *See supra*, Section II.

1. Residence of the individual defendant

Defendant alleges his residence is in Mexico, which is closer to the Northern District of Texas. *See* Dkt. 444 at 6. Defendant has not demonstrated how transfer of this case to Dallas, Texas, which borders Plano, Texas, supports transfer as to this issue. Both Dallas and Plano are near the same proximity to Mexico. The Court finds this factor is neutral.

2. Location of possible witnesses

Defendant asserts the majority of the defendants and witnesses in this case are believed to be "out of the Dallas area," including Defendant's witnesses and family who live in California and Boston, Massachusetts. *See* Dkt. 444 at 7. The Government states that most, if not all, of its witnesses are in the Federal Bureau of Prisons. *See* Dkt. 449 at 9. Moreover, the Government argues its attorneys and Defendant's counsel are in the Eastern District of Texas. *See id*. "Under Rule 21(b), the district court is to consider the convenience of the witnesses as well as the convenience of the parties." *United States v. Pry*, 625 F.2d 689, 691 (5th Cir. 1980). Generally, a defendant is required to give "specific examples of witnesses' testimony and their inability to

---

[1] Though Defendant references alternative transfer requests to the Southern District of California and the Northern District of Illinois, Defendant's arguments for transfer relate almost exclusively to his request for transfer to the Northern District of Texas. *See* Dkt. 444 at 6, 8. The Court's analysis of the *Platt* factors, therefore, reflects Defendant's arguments rather than his unsubstantiated references to the Southern District of California and the Northern District of Illinois.

testify because of the location of the trial." *United States v. Spy Factory, Inc.*, 951 F.Supp. 450, 456 (S.D.N.Y. 1997). "The court must rely on 'concrete demonstrations' of the proposed testimony." *United States v. Haley*, 504 F.Supp. 1124, 1126 (E.D. Pa. 1981). Defendant has not identified any witness who will be unable to testify at trial in the Eastern District of Texas.

Accordingly, Defendant's argument is insufficient to demonstrate that the location of the necessary and relevant witnesses compels a transfer. *See United States v. Noland*, 495 F.2d 529, 534 (5th Cir. 1974) (The defendant's alleged out-of-state witnesses would be inconvenienced by a trial in Texas, but "failed to demonstrate facts from which the [court] could have concluded that the convenience of the witnesses and the interest of justice required transfer."). Additionally, the Eastern District of Texas is convenient for the parties, who are located in the District. This factor weighs against transfer.

    3. <u>Location of events likely to be in issue</u>

Defendant does not support his assertion that Dallas is the exclusive location of events likely to be at issue. *See* Dkt. 444 at 7. Moreover, the Government has presented allegations that events in the Eastern District of Texas are at issue. *See* Dkt. 469. This factor weighs against transfer.

    4. <u>Location of documents and records likely to be involved</u>

Defendant does not address this factor, and the Government contends that seized property and records are located in the Northern and Eastern Districts of Texas. *See* Dkt. 449 at 9. This factor weighs against transfer.

    5. <u>Disruption of defendant's business unless the case is transferred</u>

This factor is not at issue. *See* Dkt. 444 at 7.

6. Expense to the parties

The parties do not address this factor, and therefore, it is neutral.

7. Location of counsel

Defendant argues the attorneys have offices in Plano, and thus, can easily travel to Dallas. *See* Dkt. 444. Thus, denial of transfer actually saves a small amount of travel. This factor weighs against transfer.

8. Relative accessibility of place of trial

Defendant does not directly address this factor. *See* Dkt. 444 at 7. The Government argues the accessibility of witnesses favors trial in the Eastern District of Texas—specifically in Sherman or Plano, Texas. *See* Dkt. 449 at 9–10. This factor weighs against transfer.

9. Docket condition of each district or division involved

Defendant merely states, without proof, that the docket in Dallas is lighter than that in the Eastern District of Texas. *See* Dkt. 444 at 7. The Government did not respond. Defendant, however, fails to meet his burden to substantiate this assertion. This factor is neutral.

10. Any other special elements which might affect the transfer

Defendant argues, without proof, that he would likely be afforded a substantially more diverse jury pool in the Northern District of Texas. *See* Dkt. 444 at 7. The Government presents that the jury plan adopted by the Eastern District of Texas "represent[s] a fair cross section of the community in the Eastern District of Texas." *See* Dkt. 449 at 12. The Government further contends there is no authority which supports a comparison of populations in various districts to determine in which district there is a greater likelihood of a defendant drawing a jury which reflects his or her race or ethnicity. *See id.* at 13. Defendant fails to meet his burden to show that transfer is proper, and this factor weighs against transfer.

7

Based on the factors at issue, the Court finds there is no viable reason to transfer this case to the Northern District of Texas or elsewhere.[2]

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends the Amended Motion to Dismiss or Transfer Based Upon Venue (Dkt. 444) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 30th day of June, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[2] Though Defendant contends that several circuits, not including the Fifth Circuit, employ a "substantial contacts test" in ruling on Rule 21(b) motions (*see* Dkt. 444 at 7–8), the Court has found no citation that the Fifth Circuit has adopted the "substantial contacts test." In any regard, the Court finds the reasoning described in the "substantial contacts test" does not favor transfer.