# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CASE NO. 4:17-CR-00198-SDJ-KPJ |
| | § |
| MARCO POLO GUZMAN-MEZA, | § |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

## I.  BACKGROUND

On June 30, 2020, the Report and Recommendation of the Magistrate Judge was entered (the "Report") (*see* Dkt. 477) recommending the Amended Motion to Dismiss or Transfer Based Upon Venue (the "Motion") (Dkt. 444) be denied. *See* Dkt. 477 at 8. On July 5, 2020, Defendant filed objections (the "Objections") (Dkt. 478).

## II.  ANALYSIS

A. Evidentiary Hearing

Defendant objects that the Court did not hold an evidentiary hearing on the Motion. The Motion, however, does not warrant an evidentiary hearing. Further, Defendant neither cited evidence or the prospect of evidence that would support a change of venue, nor did he argue that he required a hearing to demonstrate any of his assertions in the Motion. Rather, Defendant relied upon attorney argument, such as "common knowledge among lawyers, police officers, the Justice Department, and court personnel that the jury pool in the Eastern District of Texas is substantially less diverse than the Northern District of Texas Dallas Division, and that this is the reason that an

imbalance of cases are brought in the Eastern District of Texas, Sherman Division for a greater likelihood of conviction." Dkt. 478 at 3. In the Objections, Defendant continues to rely solely on attorney argument, citing no evidence or prospect of evidence that would warrant a transfer.

Defendant requested a hearing in the Motion on a single ground—that venue was not proper, and a hearing would be required to demonstrate that Defendant knowingly and voluntarily entered into a conspiracy involving the Eastern District of Texas. *See* Dkt. 444 at 5. The Magistrate Judge considered the issue of improper venue and correctly noted that "[w]hen evaluating a motion to dismiss the indictment, allegations contained in the indictment are taken to be true." Dkt. 477 at 4 (citing *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975)); *see also U.S. v. Emilor, S.A.*, No. 6:07-cr-1, 2008 WL 2152279, at *18 (E.D. Tex. May 21, 2008) (taking allegations in the indictment as true for the purposes of a motion to dismiss an indictment for lack of venue). The Court finds that "Defendant has been charged with committing a conspiracy in the Eastern District of Texas, which is sufficient to provide venue in this District for purposes of the Indictment." *Mann*, 517 F.2d at 266; *see also Emilor*, 2008 WL 2152279, at *18. Venue does not have to be entirely settled at the preliminary stage but can be reconsidered in the context of a motion for judgment of acquittal. *See Mann*, 517 F.2d at 266 (citing *U.S. v. Solis*, 299 F.3d 420, 444–45 (5th Cir. 2002)); *see also Emilor*, 2008 WL 2152279, at *18.

Failing to distinguish case law identified in the Report, Defendant argues that he is entitled to an evidentiary hearing under *U.S. v. Harrelson,* 705 F.2d 733, 737 (5th Cir. 1983). *See* Dkt. 478 at 1. However, in *Harrelson*, the Fifth Circuit held that "[e]videntiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." 705 F.2d at 737 (citing *U.S. v. Smith*, 546 F.2d 1275 (5th Cir. 1977); *United States v. Poe*, 462 F.2d 195 (5th Cir. 1972), *cert denied*, 414 U.S. 845 (1973)). "Factual allegations

set forth in the defendant's motion, including any accompanying affidavits, must be 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'" *Harrelson*, 705 F.2d at 737 (quoting *Poe*, 462 F.2d at 197 (citations omitted)). "General or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice." *Harrelson*, 705 F.2d at 737 (citations omitted). Because Defendant has not alleged sufficient facts which, if proven, would justify a transfer of venue, this objection is **OVERRULED**.

### B. *Platt* Factors

Beyond his argument for an evidentiary hearing, Defendant merely restates arguments asserted in the Motion as objections. *See* Dkt. 478 at 1–4. The Report analyzes the factors identified for consideration on a Rule 21(b) motion in *Platt v. Minnesota Mining & Mfg. Co.,* 376 U.S. 240, 243–44 (1964). *See* Dkt. 477 at 5–8.

First, Defendant objects that *Platt* factors 2 and 8 favor Defendant. *See* Dkt. 478 at 2. Factor 2 concerns the location of possible witnesses. As the Report finds, "generally a Defendant is required to give 'specific examples of witnesses' testimony and their inability to testify because of the location of the trial.'" Dkt. 477 at 5–6 (quoting *U.S. v. Spy Factory, Inc.*, 951 F.Supp. 450, 456 (S.D.N.Y. 1997)). "The court must rely on 'concrete demonstrations' of the proposed testimony." *U.S. v. Haley*, 504 F.Supp. 1124, 1126 (E.D. Pa. 1981); *see also U.S. v. Romans*, No. 4:11-CR-127, 2012 WL 3647849, at *2 (E.D. Tex. Aug. 7, 2012).

Defendant has not identified any witness who will be unable to testify at trial in the Eastern District of Texas. As noted in the Report, Defendant did not directly address factor 8, the relative accessibility of place of trial, instead, only identifying that he believes witnesses are out of the Dallas area and that his unspecified witnesses and family live in California and Boston,

Massachusetts. *See* Dkt. 444 at 6–7. The Government presented argument that the relative accessibility of the majority of witnesses favors trial in the Eastern District of Texas. *See* Dkt. 449 at 9–10. The Government also presented that the Government's attorneys and Defendant's counsel are located in the Eastern District of Texas. *See id*. The Magistrate Judge correctly found, therefore, factors 2 and 8, weigh against transfer.

Defendant further generically objects to other statements in the Report. Defendant argues that, though the Report states Defendant "admits that individuals associated with him" made entry into the Eastern District, he does not make such an admission. *See* Dkt. 478 at 2. The Report references Defendant's statement that neither he nor people associated with him in this case made entry into the Eastern District of Texas "*until* he was transferred from the Southern District of California." Dkt. 444 at 1–2 (emphasis added). The statement can be read as an admission that persons associated with Defendant in this case made entry into the Eastern District of Texas after he was transferred. However, to the extent Defendant intended to express that it is his position that no associate has made entry into the Eastern District of Texas except for him when he was transferred, the Report's finding is still correct because Defendant did not contest the operative assertion that the conspiracy, as alleged, took place in the Eastern District. *See* Dkt. 477 at 4. The law concerning offenses that do not begin and end in one district provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. Section 3237(a); *see also United States v. Solis*, 299 F.3d 420, 444–45 (5th Cir. 2002).

Defendant also objects "to the finding that location of events favors the Eastern District." Dkt. 478 at 2. The Report correctly found that Defendant "does not support his assertion that

Dallas is the exclusive location of events likely to be at issue." Dkt. 477 at 67 (citing Dkt. 444 at 7). Defendant fails to add any new support to this assertion in the Objections, stating only that the Government's allegations run contrary to Defendant's argument. *See* Dkt. 478 at 2.

Defendant argues the Report does not "go[] into whether or not [relevant] documents and evidence are located and derived from Dallas, which is likely." Dkt. 478 at 3. The factor regarding location of documents addresses current, not derivative, location and Defendant presents no case law that finds otherwise. Moreover, as noted by Defendant himself in the Objections, documents are located in Dallas and at the US Attorney's office in the Eastern District of Texas. Dkt. 478 at 2. The Government represents that property and records seized in the Northern and Eastern Districts of Texas from co-defendants are now being stored in the Northern and Eastern Districts of Texas. *See* Dkt. 449 at 9. The Government presents that "some of the main events establishing the existence of a conspiracy which are likely to be at issue at trial originated in the Northern and Eastern Districts of Texas." *Id.* As Defendant did not address the location of documents factor in the Motion and agrees there are documents in the Eastern District of Texas, he failed to meet his burden. *See United States v. Coffee,* 113 F. Supp.2d 751, 753 (E.D. Pa. 2000) (finding that the burden is on the defendant to show that transfer would serve the purpose of the rule). The Magistrate Judge correctly found the factor weighs against transfer.

Next, Defendant recites his belief regarding the present demographics of the Sherman Division of the Eastern District of Texas:

> Marco Polo Guzman-Meza is a Spanish speaking Mexican national, and there are not an abundance of African American or Hispanic potential jurors in the Sherman Division by historical practice, although the population is slowly getting more diverse as the Dallas metroplex grows north. Mr. Guzman-Meza would have a more reasonable chance of a diverse panel in the Southern District of California, the Northern District of Illinois or the Northern District of Texas, Dallas Division.

> Defendant objects to the finding of this as "without proof," and not getting a hearing on the same.

Dkt. 478 at 3. The Report is correct that Defendant's arguments were made "without proof," as Defendant did not proffer any evidence in the Motion or the Objections regarding the demographics of the Eastern District of Texas jury pool. As previously mentioned, in the Objections, Defendant alleges there is an inequitable balance of cases brought in the Eastern District of Texas due specifically to a lack of diversity in the District. *See* Dkt. 478 at 3. Defendant's argument is supported, not with proof, but a mere assertion that this is "common knowledge among lawyers, police officers, the Justice Department, and court personnel." *Id.* at 3. Defendant states that "[p]ersons with knowledge of these numbers, strategies and practices are easily available by subpoena in the Northern District Dallas Division and the Eastern District of Texas, Sherman Division." *Id*. Plaintiff has shown no effort to subpoena any such individual. Defendant is entitled to a jury of his peers. "[A]ll litigants in Federal Courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. No citizen can be excluded from federal jury service on the basis of race, color, religion, sex, national origin, or economic status. 28 U.S.C. § 1862. However, Defendant has cited no basis or authority by which he is entitled to a jury pool that reflects specific demographics relating to his own race or ethnicity.

Though Defendant need not show "truly compelling circumstances" to justify transfer, Defendant maintains the burden to show that transfer would serve the purpose of the rule allowing for transfer. *See Coffee*, 113 F. Supp. 2d at 753. Defendant fails to meet his burden. In the Objections, as in the Motion, Defendant fails to present any support for his arguments or any legal

basis which counters the Magistrate Judge's recommendations and analysis weighing the *Platt* Factors. The Court finds that the *Platt* Factors weigh against transfer, and Defendant's objections are **OVERRULED**.

### III. CONCLUSION

Upon review, the Objections (Dkt. 478) are **OVERRULED**.

The Amended Motion to Dismiss or Transfer Based Upon Venue (Dkt. 444) is hereby **DENIED**.

**So ORDERED and SIGNED this 2nd day of September, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE